UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANGELA DIELE,                                                              Docket No.:1:23:cv:04841

                                        Plaintiff,

    -against-

THE CEDARWOOD COMPANIES INC.,

                                        Defendant.
-------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO ORDER TO SHOW CAUSE TO TRANSFER VENUE OR DISMISS ACTION

CAMACHO MAURO, LLP
Eric S. Malinowski, Esq.
Attorneys for Plaintiff
40 Wall Street I 40th Floor
New York, New York 10005
(212) 947-4999

## TABLE OF CONTENTS

|  | Page |
|---|---|
| **TABLE OF AUTHORITIES** ............................................................... | i. |
| **PRELIMNARY STATEMENT** ......................................................... | 1 |
| **STATEMENT OF FACTS**.................................................................. | 1 |
| **ARGUMENT**...................................................................................... | 2 |
|     I.   THIS ACTION SHOULD NOT BE TRANSFERRED OR DISMISSED UNDER 28 U.S.C. 1406(a). | |
|         A. Defendant is Subject to Personal Jurisdiction in New York | 2 |
|         B. Venue is Proper in the Eastern District of New York | 5 |
| **CONCLUSION**................................................................................... | 6 |

# TABLE OF AUTHORITIES

**CASES:**        **PAGE**

*Arrowsmith v. United Press International,*
320 F2d 219, 223 (2d Cir. 1963) (en banc) ................................. 2

*Ball v. Metallurgie Hoboken-Overpelt, S.A.,*
902 F2d 194, 197 (2d Cir 1989), *cert. denied*, 498 U.S. 854 (1990.............. 2,3

*Bialek v. Racal-Milgo, Inc.*, 545 FSupp 25 (SDNY 1982);....................... 5

*Bryant v. Finnish Nat'l Airline*, 15 NY2d 426, 208 N.E.2d 439,
260 N.Y.S.2d 625 (1965)............................................................. 2,3

*Cicalo v. Harrah's Operating Company*, 2008 WL 1847665 (SDNY 2008)..... 6

*Credit Lyonnais Securities (USA), Inc. v. Alcantara,*
183 F3d 151, 153 (2d Cir 1999)...................................................... 5

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F2d 55, 58 (2d Cir 1985)....... 3

*Fort Knox Music, Inc. v. Baptiste*, 203 F3f193, 196 (2d Cir 2000).............. 5

*Landoil Resources Corp. v. Alexander & Alexander*
*Services, Inc.*, 918 F2d 1039, 1043 (2d Cir 1990)................................... 3

*Laufer v. Ostrow*, 55 NY2d 305, 434 N.E.2d 692, 449 N.Y.S.2d 456 (1982)... 3

*Oostdyk v. British Air Tours, Ltd.*, 424 FSupp 807, 813-4 (SDNY 1976)...... 3

*PDK Labs Inc., v. Proactive Labs, Inc.* 325 FSupp2d 176, 182 (EDNY 2004)... 6

*Ross v. Colorado Outbound School, Inc.* 603 F.Supp 306 (W.D.N.Y. 1985)..... 5

*Simonson v. International Bank*, 14 NY2d 281, 200 N.E.2d 427,
251 N.Y.S.2d 433 (1964).............................................................. 3

*Tauza v. Susquehanna Coal Co.*, 220 NY 259, 115 N.E. 915 (1917)............. 3

*United States v. First Nat'l City Bank,* 379 US 378,
85 SCt 528, 13 Led2d 365 (1965).................................................... 2

**Statutes:**
28 USC § 1391(c)....................................................................... 5,6
Civil Practice Laws and Rules, Section 301..................................... 4,5,6
Civil Practice Laws and Rules, Section 301..................................... 4,5,6

Plaintiff ANGELA DIELE ("Plaintiff"), by her undersigned counsel, respectfully, submits, this Memorandum of Law in Opposition to the Order to Show Cause filed by the Court to transfer this action to Pennsylvania or Ohio or in the alternative dismiss this action pursuant to 28 U.S.C. 1406(a).

## PRELIMINARY STATEMENT

The Complaint in this action sets forth a single claim of negligence against Defendant THE CEDARWOOD COMPANIES INC., an Ohio Corporation which manages commercial properties throughout the United States including the property in Pennsylvania, where the accident occurred. The Plaintiff, a New York resident, was injured while at the property in Pennsylvania, and aside from her initial treatment, received all follow up care, including surgery in her home state of New York.

As will be shown, venue is proper under 28 U.S.C. §1391(b)(1) because the Defendant resides in New York as a result of its operation and management of New York retail stores on behalf of Advance Auto Parts and Walmart Inc. Additionally, as Defendant is subject to personal jurisdiction, venue is also appropriate under 28 U.S.C. § 1391(c).

## STATEMENT OF FACTS

The following statement of relevant facts is based on the Complaint and on documents which this Court may take judicial notice.

1. On or about September 30, 2021, Plaintiff, Angela Diele, a resident of Brooklyn, New York, was injured a parking lot in East Stroudsburg, Pennsylvania.

2. The parking lot where the accident occurred was managed by Defendant, THE CEDARWOOD COMPANIES INC., a national real estate development company and property management company which leases and manages retail storefronts and parking lots throughout the United States, including areas in New York.

1

3.  While THE CEDARWOOD COMPANIES INC is a foreign business corporation duly incorporated pursuant to the laws of Ohio, with a principal place of business in Ohio. Upon information and belief, defendant THE CEDARWOOD COMPANIES INC. manages two storefronts in New York on behalf of Advance Auto Parts and four locations on behalf of Walmart Inc.

4.  As a result of the accident, the Plaintiff suffered an ankle fracture which required surgery which was performed at Maimonides Medical Center in Brooklyn, New York on October 8, 2021, a few days after the accident.

5.  As a result of the injury, Plaintiff came under the care of Dr. Orry Erez of Maimonides Bone and Joint Center, located at 6010 Bay Parkway, Brooklyn, NY 11204.

## ARGUMENT

**I.   THIS ACTION SHOULD NOT BE TRANSFERRED OR DISMISSED UNDER 28 U.S.C. 1406(a).**

### A. Defendant is Subject to Personal Jurisdiction in New York

*The defendant is subject to personal jurisdiction in New York. Its activities within the State are sufficient to justify exercise of jurisdiction.*

It is well settled that personal jurisdiction in diversity actions depends on the law of the state in which the district court sits. *United States v. First Nat'l City Bank,* 379 US 378, 85 SCt 528, 13 Led2d 365 (1965); *Arrowsmith v. United Press International,* 320 F2d 219, 223 (2d Cir. 1963) (en banc). The showing that a plaintiff must make in order to defeat a defendant's claim contesting jurisdiction varies depending on the procedural posture of the litigation. *Ball v. Metallurgie Hoboken-Overpelt, S.A.,* 902 F2d 194, 197 (2d Cir 1989), *cert. denied,* 498 U.S. 854 (1990). Prior to discovery, plaintiff need only plead in good faith legally sufficient allegations of jurisdiction. *Id.* When the district court does not hold a hearing or trial on the merits, all pleadings and affidavits must be construed in the light most favorable to the Plaintiff, and all doubts are to be resolved in the plaintiff's favor. *Landoil*

2

*Resources Corp. v. Alexander & Alexander Services, Inc.,* 918 F2d 1039, 1043 (2d Cir 1990).

The defendant is subject to New York personal jurisdiction under two separate New York statutes. The first, CPLR § 301, provides that "[a] court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." The New York courts have construed § 301 as preserving earlier New York case law holding that a foreign corporation is "doing business" and therefore present and subject to jurisdiction in New York with respect to any cause of action, related or unrelated to its New York contacts, if it does business in New York "not occasionally or casually, but with a fair measure of permanence and continuity." *Tauza v. Susquehanna Coal Co.,* 220 NY 259, 115 N.E. 915 (1917); see also *Laufer v. Ostrow,* 55 NY2d 305, 434 N.E.2d 692, 449 N.Y.S.2d 456 (1982); *Ball v. Metallurgie, supra,* 902 F2d at 197; *Simonson v. International Bank,* 14 NY2d 281, 200 N.E.2d 427, 251 N.Y.S.2d 433 (1964).

New York courts have characterized the "doing business" test as a "simple pragmatic one" and have focused on a variety of factors in making the determination. *Bryant v. Finnish Nat'l Airline,* 15 NY2d 426, 208 N.E.2d 439, 260 N.Y.S.2d 625 (1965). Among the factors considered by the courts are the existence of an office in New York, the solicitation of business in the state, the presence of bank accounts and other property in the state, and the presence of employees or agents in the state. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F2d 55, 58 (2d Cir 1985). In addition, the courts consider whether the corporation is licensed or authorized to do business in New York, and whether it has a New York telephone listing or mailing address. *Oostdyk v. British Air Tours, Ltd.,* 424 FSupp 807, 813-4 (SDNY 1976). "The Court must…analyze a defendant's connections to the forum state 'not for the sake of contact-counting, but rather for whether such contacts show a

3

continuous, permanent and substantial activity in New York."' *Landoil Resources, supra.*, 918 F2d at 1043 (quoting Weinstein, Korn & Miller, New York Civil Practice, ¶ 301.16, at 3-32).

In the current action, Defendant THE CEDARWOOD COMPANIES INC., solicits a business in New York through its website https://www.cedarwoodcompanies.com/. Additionally, Defendant THE CEDARWOOD COMPANIES INC.is actively engaged in the business of management of 6 retail locations in New York, as illustrated on its website under leasing of retail locations on behalf of Advance Auto Parts and Walmart Inc. As Defendant THE CEDARWOOD COMPANIES INC., has yet to answer the Complaint, Plaintiff at this time is unaware as to the extent of Defendant's connection to New York.

Even if, for argument's sake, the defendant's contacts with New York did not rise to the "doing business" standard required by CPLR §301, it certainly did meet or exceed the lesser "transacting business" standard. New York State's long-arm jurisdiction statute, CPLR § 302, provides *inter alia*,

> (a) <u>Acts which are the basis of jurisdiction.</u>  As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or…
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
> (i)     regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii)    expects or should reasonable expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or…

Subdivision [a][1] requires that the defendant merely "transact' business in the state, so long as there is a direct relationship between the cause of action and the in-state conduct. *Fort Knox Music, Inc. v. Baptiste*, 203 F3f193, 196 (2d Cir 2000); *Credit Lyonnais Securities (USA), Inc. v. Alcantara,* 183 F3d 151, 153 (2d Cir 1999). The "transacts business" standard under CPLR 302[a][1] requires a considerably lesser showing of contacts with New York that the "doing business" standard of CPLR 301. *Bialek v. Racal-Milgo, Inc.*, 545 FSupp 25 (SDNY 1982); *Ross v. Colorado Outbound School, Inc. supra.* However, as Defendant THE CEDARWOOD COMPANIES INC., has yet to answer the Complaint, Plaintiff at this time is unaware as to the extent of Defendant's connection to New York.

However, should Plaintiff establish personal jurisdiction Defendant through CPLR § 301 or § 302, then venue would also be proper under 28 USC 1391(c).

### B. Venue is Proper in the Eastern District of New York

Venue is proper in the Eastern District of New York under 28 USC 1391(c). While 28 USC 1391(a) provides:

A civil action may be brought in-(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 USC 1391(c) states that, "[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."

Accordingly, for a corporate defendant such as THE CEDARWOOD COMPANIES, 1391(c) equates jurisdiction with venue. *PDK Labs Inc., v. Proactive Labs, Inc. 325 FSupp2d 176, 182 (EDNY 2004); Cicalo v. Harrah's Operating Company, 2008 WL 1847665 (SDNY 2008).* Since Defendant THE CEDARWOOD COMPANIES is subject to the personal

jurisdiction of New York under CPLR § 301 and/or § 302, venue in the within Court is appropriate.

In *Cicalo v. Harrah's Operating Company, 2008 WL 116277 (SDNY 2008)* the Plaintiff's venue claim depended on the personal jurisdiction of the Defendant which had not been determined at the time of Defendant's motion to dismiss/transfer venue. Accordingly, the Court denied Defendant's motion without prejudice. In the same regard, the Court should allow the parties to proceed with discovery in the current action.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Order to Show Cause be denied in its entirety.

Dated: New York, New York
       July 11, 2023

CAMACHO MAURO, LLP

_____
Eric S. Malinowski, Esq.
Attorneys for Plaintiff
40 Wall Street I 40th Floor
New York, New York 10005
(212) 947-4999
Our File No.: PLTY-5111-E

To: (See Affidavit attached)

6

STATE OF NEW YORK)
COUNTY OF NEW YORK) ss:

AnaMaria Suarez, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Bronx County, New York.

That on July 11, 2023, deponent served the within, ***Memorandum of Law in Opposition to Order to Show Cause to Transfer Venue or Dismiss Action*** upon the attorneys/individuals listed below, at his/her/its addresses which were so designated by said attorneys for said purpose, by depositing a true copy of same enclosed in a post-paid properly addressed wrapper in a post office under the exclusive care and custody of the United States Postal Service within the State of New York:

TO:
The Cedarwood Companies Inc.
3200 W. Market St., Suite 200,
Fairlawn, OH 44333

_____
AnaMaria Suarez

Sworn to before me this
11th day of July 2023

_____
Notary Public

PATRICIA A HUTSON
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01HU6085792
Qualified in Bronx County
Commission Expires January 6, 2027

7

Docket No.: 1:23:cv:04841

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

ANGELA DIELE,

                              Plaintiff(s),

- against -

THE CEDARWOOD COMPANIES INC.,

                              Defendant(s).

---

***Plaintiff's Memorandum of Law in Opposition to Order to Show Cause***
***to Transfer   Venue or Dismiss Action***

---

**CAMACHO MAURO, LLP**
*Attorneys for Plaintiff(s)*
40 Wall Street ⎮ 41st Floor
New York, NY 10005
(212) 947-4999
**Our File No.: PLTY-5111-E**

---

To: The Cedarwood Companies Inc. 3200 W. Market Street, Suite 200 Fairlawn, OH 44333
Defendant

---

Service of a copy of the within **** is hereby admitted.
Dated: ****

                                                          ........................................
                                                   *Attorneys for:*   ****

---

*PLEASE TAKE NOTICE*:

☐ Notice of Entry

That the within is a (certified) true copy of a **** entered in the office of the clerk of the within named Court on ****.

☐ Notice of Settlement

That an Order of which the within is a true copy will be presented for settlement to the Hon. ****, one of the judges of the within named Court, at ****, on ****, at ****.

Dated: New York, New York
        July 11, 2023

**CAMACHO MAURO, LLP**
*Attorneys for Plaintiff(s)*
40 Wall Street ⎮ 41st Floor
New York, NY 10005